# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **PHILLIPE AYRES AND** ) | |
| **KIMBERLY AYRES,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.  SA-12-CV-00621-XR** |
| **VS.** ) | |
| ) | |
| **MS. PAT PARKER d/b/a FIRST** ) | |
| **REALTY OF KERRVILLE & d/b/a** ) | |
| **FANNIE MAE, FEDERAL NATIONAL** ) | |
| **MORTGAGE ASSOCIATION, AND** ) | |
| **BANK OF AMERICA, N.A.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On this date, the Court considered Plaintiffs' motion to remand (docket no. 3) and Defendants' objection and response thereto (docket no. 10).  After careful consideration, the Court DENIES Plaintiffs' motion for the reasons discussed below.

## Background

Plaintiffs Phillipe and Kimberly Ayres filed suit against Defendants Pat Parker d/b/a First Realty of Kerrville and d/b/a Fannie Mae, Federal National Mortgage Association (FNMA), and Bank of America, N.A., in the 216th District Court of Kerr County, Texas.  Plaintiffs allege that they purchased a mortgage loan in 2005 that Bank of America subsequently acquired.  Pls.' Original Pet. ¶¶ 14–15.  When Phillipe Ayres became unemployed in 2010, Plaintiffs could no longer meet their mortgage payments.  *Id.* ¶ 16.  Plaintiffs allege that Defendants thwarted their good faith efforts to receive fair mortgage treatment and to make their loan account current.  *Id.* ¶¶ 21– 24.

-1-

Plaintiffs sued Defendants for: (1) violations of the Texas Deceptive Trade Practices Act; (2) common law fraud; (3) fraud in real estate; (4) negligent misrepresentation; (5) negligent hiring, supervision, or management; (6) intentional infliction of emotional distress; (7) a declaration that the trustee's sale is void or voidable; and (8) breach of duty of good faith and fair dealing.  Plaintiffs seek actual, multiple, and exemplary damages, as well as attorneys' fees**.**

On May 23, 2012, Plaintiffs served notice to both Defendant Parker and Marianne Tindall, a regional manager of Bank of America's branch office in Kerrville, Texas.  *See* Pls.' Exs. A, B.  A Certificate of Service from the Texas Secretary of State shows FNMA was served with notice on May 25, 2012.  Pls.' Ex. C.

On June 24, 2012, Bank of America and FNMA filed notice to remove the action from state court to this Court, asserting that this Court has diversity jurisdiction because Defendant Parker, a non-diverse party, was improperly joined in the lawsuit.  Defs.' Notice ¶¶ 10–13.

Plaintiffs filed a motion to remand, arguing that Defendants' notice of removal is procedurally defective because it was filed more than thirty days after Bank of America was served with the suit.  Pls.' Motion to Remand ¶¶ 5–6.  Plaintiffs also contend that Defendant Parker was properly joined as a party to the lawsuit, adding that she had been subject to a restraining order issued by the state court in reference to this matter.  *Id.* ¶ 7.  Plaintiffs also request court costs, expenses, and attorneys' fees from Defendants for the time spent contesting removal of this case. *Id.* ¶ 9.

In their objection and response to the motion to remand, Bank of America and FNMA argue that Plaintiffs failed to properly serve Bank of America's registered agent in accordance with section 17.028(b) of the Texas Civil Practice and Remedies Code, and therefore the thirty-day period to file

did not commence upon service to Marianne Tindall.  Defs.' Objection & Response ¶¶ 2–3.  As such, Bank of America and FNMA contend that their notice of removal was timely.  *Id.*  Defendants also maintain that Parker is an improperly joined defendant because  Plaintiffs' pleadings do not reasonably support any cause of action against Parker.  *Id.* ¶ 5–20.  Thus, Defendants contend there is complete diversity among the parties, and removal is appropriate.  *Id.* ¶ 21.

**Analysis**

With regard to removal, this case presents two issues: (1) whether Defendants' notice of removal was timely-filed within the statutory requisite thirty days; and (2) whether Defendant Parker was improperly joined to this suit to defeat diversity jurisdiction.

**1. Timeliness of Removal**

A defendant has thirty days to file notice of removal upon receiving the initial pleading or summons "through service or otherwise."  28 U.S.C.A. § 1446(b)(1).  Formal service of process prompts the thirty-day time period.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).  For cases with multiple defendants, Congress has amended section 1446(b) to provide clear direction for the courts.  As such, "[e]*ach* defendant shall have 30 days after receipt by or service on *that* defendant of the initial pleading or summons . . . to file the notice of removal." *See* 28 U.S.C.A. § 1446(b)(2)(B) (emphasis added).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C.A. § 1446(b)(2)(C).

Plaintiffs base their motion to remand in part on an alleged procedural defect.  *See* 28 U.S.C.

-3-

§ 1447(c) (allowing plaintiffs to move to remand a case for any defect if the motion is made within thirty days of when the notice of removal is filed). Plaintiffs contend that Defendants' removal is time-barred because notice was filed thirty-two days after Bank of America's regional manager was served. Defendants respond that because Plaintiffs did not properly serve Bank of America's registered agent in accordance with Texas law, such service did not commence the thirty-day deadline, and thus their notice of removal is not procedurally defective.

However, it is not necessary for this Court to address the issue of whether service of process on Tindall/Bank of America was adequate because the amendments to section 1446(b) make this issue moot. *See* 28 U.S.C.A. § 1446(b)(2)(B) (expressing that each defendant has thirty days to file). The notice of removal was jointly filed by Bank of America and FNMA. Thus, even if the filing was not timely for Bank of America, such notice was timely filed by FNMA. Plaintiffs' Exhibit C shows FNMA was served on May 25, 2012, and service was received at some point before May 30, 2012. Therefore, at the very earliest, FNMA had until June 24, 2012 to file its notice of removal. *See* 28 U.S.C. § 1446(b)(1). Defendants Bank of America and FNMA jointly filed their notice of removal on June 24, 2012. As a result, FNMA's notice of removal was timely filed. As for Defendants Bank of America and Parker, as earlier-served defendants, section 1446(b)(2)(C) merely requires their consent to FNMA's notice of removal. Parker expressly issued her consent. Def. Parker's Notice of Consent to Removal p. 1–2. Bank of America's participation in the jointly filed notice of removal clearly conveys its consent to removal. Thus, the notice of removal filed in this case is timely and procedurally sound.

**2. Diversity Jurisdiction**

Plaintiffs next argue that this Court lacks subject matter jurisdiction over this matter. A state

court civil action may only be removed to federal court if it would have had original jurisdiction if

the case had been filed in federal court. 28 U.S.C. § 1441(a). To establish subject matter jurisdiction

predicated on diversity, complete diversity of citizenship must exist among the parties, and the

amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The parties do not dispute that the

amount in controversy requirement has been met. But Plaintiffs argue that Parker's presence defeats

diversity jurisdiction because Parker and Plaintiffs are all domiciled in Texas.

To overcome this bar to removal, Defendants Bank of America and FNMA argue Parker was

improperly joined to this action to defeat diversity. "The improper joinder doctrine constitutes a

narrow exception to the rule of complete diversity." *McDonal v. Abbott Lab.*, 408 F.3d 177, 183 (5th

Cir. 2005). A heavy burden is placed upon the party seeking removal to show either: "(1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *See id.* (quoting *Travis v. Irby*, 326 F.3d 644, 647

(5th Cir. 2003)). Only the second avenue is at issue in the present case. Therefore, Bank of America

and FNMA must demonstrate that there is no reasonable basis to predict that Plaintiffs might be able

to recover against Defendant Parker. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th

Cir. 2004) (declaring "the test for fraudulent joinder is whether the defendant has demonstrated that

there is no possibility of recovery by the plaintiff against an in-state defendant").

This Court may make its prediction by:

> conduct[ing] a Rule 12(b)(6)-type analysis, looking initially at the
> allegations of the complaint to determine whether the complaint states
> a claim under state law against the in-state defendant. Ordinarily, if
> a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper
> joinder. That said, there are cases, hopefully few in number, in which
> a plaintiff has stated a claim, but has misstated or omitted discrete
> facts that would determine the propriety of joinder. In such cases, the

district court may, in its discretion, pierce the pleadings and conduct
a summary inquiry.

*Id.*  There is no need to "pierce the pleadings" in the present case as Plaintiffs would not survive a Rule 12(b)(6) challenge with regard to their claims against Defendant Parker.  Parker is not mentioned once in the facts of Plaintiffs' Original Petition, nor is Parker specifically referenced in any cause of action or claim for damages.  *See* Pls.' Original Pet. ¶¶ 14–49; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.").  Four of the claims–deceptive trade practices, common law fraud, fraud in a real estate transaction, and negligent misrepresentation–and the claims for damages–actual, multiple, and exemplary–simply refer to "Defendants" without any direct reference or correlation to Parker.  Pls.' Original Pet. ¶¶ 25–33, 44–48.  There is no indication of what role Parker played in any of the alleged wrongful acts, nor is there any indication of how Parker was involved, if at all, other than merely naming her as a party to this suit.  Without more, the pleadings serve as blanket allegations in which Parker's name could be substituted with virtually any other.

Thus, in viewing the pleadings in the light most favorable to the Plaintiffs, this Court agrees that Plaintiffs failed to adequately state their claims against Defendant Parker.  The pleadings as they relate to Defendant Parker would be insufficient to overcome a motion to dismiss under Rule

12(b)(6). *See Twombly*, 550 U.S. at 555; *Smallwood*, 385 F.3d at 573.[1]  Therefore, Defendant Parker was improperly joined to this action, and this Court may disregard her for purposes of establishing diversity jurisdiction.

### Conclusion

This Court finds that Defendant FNMA timely filed its notice of removal, and the remaining defendants provided their consent.  In addition, this Court finds no reasonable basis to predict that Plaintiffs may be able to recover against Defendant Parker in this matter.  Thus, the doctrine of improper joinder applies and removal based on diversity jurisdiction is appropriate.  Accordingly, Plaintiffs' motion to remand is DENIED.

It is so ORDERED.

SIGNED this 15th day of October, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1]The same is not true as to all defendants. For example, Defendant Bank of America is specifically named in the pleadings and a sufficient factual basis for the claims against it are alleged. *See Smallwood*, 385 F.3d at 575 ("A showing that the plaintiff's case is barred as to all defendants is not sufficient [to show improper joinder].  When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than the in-state defendant alone, the requisite showing has not been made.").